# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE GREEN,** | ) | |
| **Plaintiff** | ) | |
| | ) | **C.A. No. 15-45 Erie** |
| **vs.** | ) | |
| | ) | |
| **JAMIE FERDARKO, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case was commenced by Plaintiff Tyrone Green, proceeding *pro se*, on February 2, 2015, and was referred to United States Magistrate Judge Susan Paradise Baxter for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. Subsequent to discovery and an initial Partial Motion for Summary Judgment by certain Pennsylvania Department of Corrections Defendants, ECF No. 60, the Court granted Plaintiff's motion to file an amended complaint. ECF No. 83. Plaintiff's Amended Complaint was filed, adding claims and parties to this action. ECF No. 85. Thereafter, Motions for Summary Judgment were filed on behalf of all Defendants, with the exception of Defendants Abraham and Maddie, who had not been served with the Complaint or Amended Complaint. ECF Nos. 143, 147, 152.

On December 6, 2017, Magistrate Judge Baxter filed a Report and Recommendation, ECF No. 180, recommending that (1) the motion for summary judgment filed on behalf of Defendants Apadaca, Brian, Burkhart, Cole, Conrad, Estate of Bill Dombrowski, Ferdarko, Friedline, Gearhart, Gilara, Hagerty, Horton, Hulse, Jordan, Mahany, Marde, Moore, Oberlander, Siegel, Smead, Wentz and Williams be granted; (2) the motion for summary judgment filed on

behalf of Defendant McCue be granted; (3) the motion for summary judgment filed on behalf of Defendants Herbick, Jin, Maxa and Stroup be granted; (4) that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), Defendants Abraham and PA Maddie be dismissed from this action without prejudice; and (5) that the Motion with New Matter filed by Plaintiff, ECF No. 170, be granted, but that summary judgment as the claims asserted therein be entered in favor of Defendants Friedline, Smead and Gilara. Further, in light of the recommendation that summary judgment be granted as to all federal claims, and that Defendants Maddie and Abraham be terminated from the docket of this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Judge Baxter recommended that the Court decline to exercise supplemental jurisdiction over any remaining state law claims, and that such claims be dismissed without prejudice.

Plaintiff was served with a copy of the Report and Recommendation ("R&R") and advised that any objections thereto were to be filed by December 20, 2017.  Thereafter, Plaintiff sought and was granted an extension to filed his objections until January 5, 2018, and his extensive objections were filed on January 9, 2018. (ECF Nos. 181, 182, 183).  Plaintiff has also filed a Motion with New Evidence, ECF No. 184, attaching the affidavit of a fellow inmate, relevant to Plaintiff's Eighth Amendment failure to protect and First Amendment retaliation claims against certain DOC Defendants.

Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with

instructions. In this instance, the Report itself is an adequate answer to Plaintiff's objections. Nonetheless, the Court will briefly respond to some of those objections which are not merely a restatement of his arguments and claims, which were discussed and addressed in the R&R.

## I.     Failure to Protect/Retaliation Related to Placement in General Population

Plaintiff objects to the R&R on the grounds that there are disputed issues of material fact regarding, *inter alia*, injuries allegedly sustained in an assault which occurred on July 17, 2014. In particular, Plaintiff points to contemporaneous medical records documenting his complaints of numbness and nerve damage to his right lower extremities and his treatment with pain medication. However, the issue is not whether Plaintiff sustained an injury, but whether Plaintiff has presented evidence upon which any reasonable juror could conclude that a named Defendant was deliberately indifferent to his medical needs or to a known risk to Plaintiff's safety when he was assigned to a general housing unit. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994). The Magistrate's thorough review of the record demonstrates that Plaintiff has not met his burden.

The undisputed evidence establishes that upon Plaintiff's return to SCI-Forest after a two-week transfer to attend unrelated court proceedings, Defendant Dombrowski, SCI-Forest's unit manager, mistakenly assigned Plaintiff to general population rather than continuing a prior administrative custody placement. Plaintiff points to an investigation report that establishes Defendant Dombrowski was aware that Plaintiff had previously been placed in administrative custody status, but this does not establish that his error was the result of a deliberate indifference to an excessive risk of harm. In conjunction with Plaintiff's current objections, Plaintiff provides the Court with evidence of the various reasons for an administrative custody rating, including presenting a danger to self, a danger to others, being suspected of instigating a disturbance, and situations when placement in general population would endanger the inmate's safety and it is not

possible to protect him/her by other means. ECF No. 183-4 pp. 2-3. However, Plaintiff does not point to any evidence that Dombrowski was aware of the reasons for Plaintiff's administrative custody rating, such that he deliberately disregarded a *current known risk* to Plaintiff's safety.[1] To overcome summary judgment, "the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Such evidence is wholly lacking here.

Similarly, Plaintiff fails to raise a genuine dispute of material fact with regard to whether Defendants Burkhart, Mahany or Haggerty were deliberately indifferent to a known risk to Plaintiff's safety as a result of his placement in G Block. Plaintiff's deposition testimony establishes that Defendants Burkhart and Mahany implemented Defendant Dombrowski's housing assignment, and Defendant Haggerty wished him a "good day." While Plaintiff disputed his placement, he did not raise a concern for his safety with any of these individuals. ECF No. 155-1 p. 11. With his objections, Plaintiff has filed the declaration of an inmate who attests to being present when Plaintiff received his housing assignment. ECF No. 184. According to this witness, he observed Plaintiff argue with Defendants Mahany and Burkhart regarding his placement and, after Plaintiff left the area, observed Defendant Burkhart place a call requesting confirmation of the propriety of Plaintiff's assignment to general population. Id. The alleged assault occurred just forty-five minutes later. Plaintiff's evidence confirms that Defendant Burkhart addressed Plaintiff's concerns, took steps to confirm his release to general population, and was not deliberately indifferent to a known risk of harm. Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

---

[1] Plaintiff has provided additional evidence related to prior administrative custody stays, indicating that in December 2011, Plaintiff was temporarily placed in administrative custody after psychiatric observation because he had threatened self-destructive behavior by "climbing onto his toilet with a noose tied to the vent," but was approved for release to general population in January 2012. ECF No. 183-3 pp. 3-4.

Plaintiff next objects to the Court's recommendation that summary judgment be granted in favor of Defendants Haggerty and Burkhart with regard to his First Amendment retaliation claims. ECF 183, pp. 8-9. These claims are predicated upon their alleged participation in Plaintiff's placement in general population on July 17, 2014. Plaintiff contends that each knew he would be in danger, but placed him in general population in retaliation for prior grievances and a lawsuit filed by Plaintiff against both Defendants.

As indicated in the R&R, to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action" at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is Plaintiff's burden to establish all three elements of a *prima facie* retaliation claim. With regard to the third element, the Plaintiff must show a causal connection between his constitutionally protected activity of filing complaints and grievances and the adverse action he allegedly suffered at the hands of the Defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-67 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements Id.

The R&R indicates that Plaintiff failed to present evidence related to the timing and substance of his prior grievances, so as to support an inference that his constitutionally protected conduct motivated Defendants Burkhart and Haggerty to assign Plaintiff to a general population unit. ECF No. 180, p. 11. Magistrate Judge Baxter further concluded that "the record as a whole does not support an inference that Defendants [Burkhart and Haggerty] acted with a retaliatory motive when Plaintiff was assigned to a general population unit for his temporary stay at SCI-Forest." ECF No. 180 at 11.

Plaintiff presents for the first time a Joint Trial Exhibit List from a separate lawsuit filed against, *inter alia*, Defendants Burkhart and Haggerty, which appears to confirm that he had filed grievances against both in 2013 and early 2014, related to the confiscation of a television and boots, and that both were involved in the review response through at least May 2014. ECF Nos. 183, p. 8; 183-5. This new evidence does present a plausible suggestive temporal proximity between the protected activity and the alleged misconduct on July 17, 2014. However, this merely shifts the burden to the Defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally protected activities. Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002). On the record presented, Plaintiff's claim fails.

First, Plaintiff's housing assignment was made, albeit in error, by Defendant Dombrowski, the housing unit manager, who is not alleged to have acted in retaliation, and who was not present at the facility on the day of Plaintiff's transfer to SCI-Forest.[2] Second, as

---

[2] Plaintiff speculates that his change in housing status was intentional, and required the concerted action of several Defendants, including the members of the Program Review Committee. However, Plaintiff points to no evidence to substantiate his claims beyond a document establishing that at the time of his transfer to SCI-Forest, he was indicated to be a Custody Level 3 inmate, which would, under typical circumstances, permit his assignment to general population.

indicated by Plaintiff's new inmate witness statement, ECF No. 184, after Plaintiff verbally

objected to his assignment, Defendant Burkhart placed a phone call to confirm the propriety of

Plaintiff's release to general population. Third, there is no evidence that the individuals involved

in Plaintiff's prior inmate altercation were housed in the general population unit to which

Plaintiff was assigned, or that either Defendant Burkhart or Defendant Haggerty were aware that

his placement in G Block would present a danger or risk of harm so as to infer that either was

deliberately indifferent to a known risk of harm. Under these circumstances, no reasonable juror

could conclude that these Defendants' actions would have differed, if Plaintiff had not filed

grievances against them. Accordingly, summary judgment in favor of Defendants on Plaintiff's

retaliation claim related to his housing placement is appropriate.

Plaintiff further objects to the recommendation that summary judgment be entered as to

his Eighth Amendment claims of deliberate indifference to his medical condition and with regard

to the conditions of his confinement upon his return to SCI-Forest after the alleged assault. The

Court has reviewed Plaintiff's objections and Plaintiff's medical records, and concludes that

there is no evidence upon which a reasonable juror could find that any named Defendant was

deliberately indifferent to Plaintiff's serious medical needs.

With regard to Plaintiff's treatment upon his discharge from the hospital, Plaintiff

complains that the evidence establishes that DOC Medical Defendants ignored hospital

instructions for follow up care and were deliberately indifferent to his condition. Review of the

evidence establishes that no reasonable juror would find that any named Defendant acted with

the obduracy and wantonness required to constitute deliberate indifference. Rather, at best,

Plaintiff's claim is one of inadequate treatment, which remains a question of professional

judgment, not a constitutional claim. See, e.g., Pearson v. Prison Health Service, 850 F.3d 526,

538-39 (3d Cir. 2017). The undisputed evidence shows that upon Plaintiff's discharge from the hospital for evaluation of his complaints of numbness to his lower right extremity and back pain, he was prescribed 10 medications, including two laxatives to treat reported constipation, allergy medication, medication for deep vein thrombosis, two anti-depression medications, a muscle relaxant and pain medication which were directed to "STOP" 24 hours later, an antacid, and gabapentin to treat Plaintiff's complaints of numbness for which no medical cause had been identified. ECF No. 30-2 p. 5. Plaintiff was instructed to consult with a trauma clinic within 2 to 5 weeks, "only if needed", and to follow up for post hospital care within 3 weeks "if symptoms persist." Id., and ECF No. 30-2 p. 12. His records indicate that while he was on bedrest on July 19, 2014, he was capable of moving with moderate assistance by July 22, 2014, and was not classified as dependent for transfers prior to his release.

Upon his return to SCI-Forest on July 23, 2014, Plaintiff was assisted to a wheelchair, and placed in an infirmary observation cell. ECF No. 144-1 pp. 18-22. Progress notes indicate that Dr. Abraham reviewed information related to Plaintiff's hospital stay, and noted that after an extensive work-up, no acute abnormalities were found to explain Plaintiff's complaints or symptoms. Plaintiff continued to complain that he could not move his right lower extremity, but was observed sitting up and moving, and in no acute distress. ECF No. 144-1, p. 20. After three days of observation in the infirmary where no distress was noted, Plaintiff was transferred to the Restricted Housing Unit. Thereafter, on August 21, 2014, Plaintiff was transferred to SCI-Greene, where he inaccurately reported that he had been receiving oxycodone four times per day for pain. ECF No. 144-1 pp. 15-16. He reported back pain on September 2, 2014, and he was treated with Mobic twice per day, which was later changed to Naproxen and Ben Gay muscle rub. A review of symptoms was conducted on September 24, 2014. ECF No. 144-1 p. 12. A

lumbar spine x-ray was conducted that day, ECF No. 144-1 p. 10, which was reviewed by a radiologist on October 1, 2014, and showed "no significant disc disease." ECF No. 144-1 p. 9. Thereafter, Plaintiff was seen with continued complaints in March 2015, and was evaluated for complaints of numbness. Based on this evidence, Plaintiff's allegations that Defendants were deliberately indifferent to his medical condition are plainly and overwhelmingly disputed and summary judgment is properly granted in favor of Defendants.

## II. Access to Court and Retaliation Claims – Lost/Destroyed Legal Materials.

Plaintiff next objects to the Report and Recommendation regarding Plaintiff's Access to Court and retaliation claims related to the alleged loss or destruction of legal materials, contending that Magistrate Judge Baxter failed to appreciate the degree to which his pending lawsuits were harmed by alleged misconduct on the part of Defendants Friedline, Smead and Gilara.

With regard to Plaintiff's access to court claims, Plaintiff's objections rely upon the misguided assumption that the Magistrate Judge did not have access to the dockets of the underlying actions, or the documents contained therein. However, as made clear by the R&R, the Magistrate Judge undertook a thorough review of each of Plaintiff's actions to determine whether Defendants' alleged misconduct caused an "actual injury to his ability to present a nonfrivolous, arguable claim." Lewis v. Casey, 518 U.S. 343, 355 (1996). The Court has carefully examined *de novo* Plaintiff's claims and his objections and finds that the objections do not merit rejection of the R&R. Plaintiff has not and cannot establish that he has been prevented from litigating a meritorious claim. In addition, while Plaintiff may have a state law conversion claim for the loss of a box of legal materials or documents sent to the prison library for copying, there is no evidentiary or factual basis upon which a reasonable juror could conclude that the

named Defendants acted with retaliatory animus sufficient to support a First Amendment violation claim.

**III.     Retaliation and Access to Court Claims as to McCue, Moore and Siegel**

Plaintiff objects to the recommendation that the motions for summary judgment filed on behalf of Defendants Moore and Siegel, ECF No. 147, and on behalf of McCue, ECF No. 152, be granted.  Plaintiff alleges that, based upon unspecified retaliatory animus, Defendants Moore and Siegel failed to provide copies of grievances related to medical treatment provided by Dr. Abraham in May 2014, and that as a result, it was judicially determined that Plaintiff had failed to exhaust administrative remedies in his action against Dr. Abraham, at C.A. No. 14-159E. Defendant McCue represented Dr. Abraham in the underlying action, and filed the relevant motion for summary judgment.

This Court has reviewed Plaintiff's objections and the relevant underlying proceedings and concludes that Plaintiff's claims and pending objections are without merit.  Then-presiding District Judge Barbara Rothstein entered summary judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Dr. Abraham because the evidence was insufficient to establish a *prima facie* Eighth Amendment violation.  Judge Rothstein concluded that Plaintiff's medical records unequivocally established that he had never been refused or denied medical treatment and thus could not meet his burden of demonstrating that Dr. Abraham was deliberately indifferent to his serious medical needs.  C.A. No. 14-159E, ECF No. 127, pp. 10-11.  Accordingly, Plaintiff's claim was disposed of on the merits, and not on the basis of any alleged failure to exhaust available remedies due to allegedly missing grievances.  Under these circumstances, Plaintiff cannot and has not established a *prima facie* First Amendment violation claim.

**IV.     Eighth Amendment Claims as to Defendants Jin, Herbik, Maxa and Stroup**

Plaintiff objects to the R&R to the extent it recommends that the Motion for Summary Judgment, ECF No. 143, filed on behalf of Defendants Jin, Herbik, Maxa, and Stroup be granted, claiming that the R&R was his first notice of the motion.  ECF No. 183 at 33. Review of the Motion at issue indicates that, in accordance with Rule 5(d)(1) of the Federal Rules of Civil Procedure, counsel for these Defendants filed a Certificate of Service, indicating that the Motion was served by mail to Plaintiff on March 1, 2017, at his address of record.  In addition, counsel filed certificates of service accompanying the brief in support (ECF No. 144), concise statement of material facts (ECF No. 145) and pretrial statement (ECF No. 146), indicating that each document was also sent to Plaintiff that day, by mail, at the same address of record.

Notably, also on March 1, 2017, Defendant McCue filed her Motion for Summary Judgment (ECF No. 147), brief in support thereof (ECF No. 148), concise statement of material facts (ECF No. 149) and pretrial statement (ECF No. 151), with certificates of service indicating mailing to Plaintiff that same day, at the same address indicated by counsel for Defendants Jin, Herbik, Maxa and Stroup.  Plaintiff filed a short response to Defendant McCue's motion, indicating receipt thereof.  ECF No. 158.

In addition, in response to the various motions for summary judgment, Plaintiff filed, *inter alia*, a global "Declaration of Tyrone Green in Support of Response to Defendants' Motion for Summary Judgment," ECF No 162, addressing claims and arguments posed by each of the moving Defendants.  With regard to the Motion for Summary Judgment on behalf of Defendants Jin, Stroup, Herbick, and Maxa, Plaintiff includes a "Supplemental Pretrial Statement of Facts," addressing his claims of alleged deliberate indifference to Plaintiff's serious medical needs during the period July 2014 through September 2015, with detailed factual assertions as to each.

ECF No. 162 at 9-12.  Under these circumstances, the Court finds that Plaintiff had notice of the Motion for Summary Judgment and has filed his response.

Based upon this Court's *de novo* review of the record, including Plaintiff's extensive medical records, the Court finds that it cannot be disputed that Plaintiff consistently received treatment for alleged back pain as appropriate.  In particular, after Plaintiff's acute episode in July 2014, he was next seen for complaints of back pain in early September 2014, where he was noted to be treated with Mobic. Plaintiff was thereafter treated with Naproxen, and Ben Gay. ECF No. 144-1, pp. 10-13. In addition, x-rays were ordered to identify an objective basis for Plaintiff's complaints of pain. Id. The x-rays were reviewed in early October 2014, and it was noted that he suffered no apparent nerve impingement to explain his symptoms.  This finding was consistent with the extensive work-up completed during Plaintiff's brief hospital stay, which included MRI's, CT scans, and a neurosurgical consultation.

Thereafter, in March 2015, Plaintiff was seen by Dr. Jin for an evaluation of numbness in his lower extremity.  Dr. Jin ordered a consultation request for an EMG study, as well as an MRI of Plaintiff's spine. 144-2. The EMG result was normal, and the MRI also completed in April 2015, showed mild degenerative changes to the thoracic spine and mildly bulging discs in the lumbar spine, with no indication of nerve impingement to explain Plaintiff's ongoing complaints of pain.  A subsequent neurosurgical consult indicated that Plaintiff was likely embellishing his symptoms, as clinical findings were inconsistent with his complaints.  144-3. On this record, Plaintiff has not and cannot establish a *prima facie* claim for the violation of his Eighth Amendment rights due to alleged deliberate indifference to a serious medical need.  Accordingly, the Motion for Summary Judgment filed on behalf of Defendants Herbick, Hin, Max and Stroup, ECF No. 143, is granted.

## V. Dismissal of Defendants Abraham and Maddie

Plaintiff objects to the recommendation that Defendants Abraham and Maddie be dismissed without prejudice from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in light of Plaintiff's longstanding failure to serve either Defendant with a copy of the Complaint or Amended Complaint, and his failure to provide an address upon which service may be accomplished. The Court finds no error in this result. Harris v. McMullen, 609 F. App'x 704, 707 (3d Cir. 2015).

## VI. Conclusion

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 30th day of April, 2018:

1. The motion for summary judgment filed on behalf of Defendants Apadaca, Brian, Burkhart, Cole, Conrad, Estate of Bill Dombrowski, Ferdarko, Friedline, Gearhart, Gilara, Hagerty, Horton, Hulse, Jordan, Mahany, Marde, Moore, Oberlander, Siegal, Smead, Wentz and Williams (ECF No. 152) is GRANTED;

2. The motion for summary judgment filed on behalf of Defendant McCue (ECF No. 147) is GRANTED.

3. The motion for summary judgment filed on behalf of Defendants Herbick, Jin, Maxa, and Stroup (ECF No. 143) is GRANTED.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), Defendants Abraham and PA Maddie are DISMISSED WITHOUT PREJUDICE; and

5.  The "Motion with New Matter" filed by Plaintiff (ECF No. 170) is GRANTED,

    however, summary judgment as to the claims asserted therein is GRANTED in favor

    of Defendants Friedline, Smead, and Gilara.


**IT IS FURTHER ORDERED** that to the extent Plaintiff asserts any state law claims,

this Court, within its discretion, declines to exercise supplemental jurisdiction and such

remaining claims are dismissed without prejudice.  The Clerk is directed to close the

case.


        s/Arthur J. Schwab_____
        Arthur J. Schwab
        United States District Judge

cc:    Tyrone Green
       EP 4593
       SCI Albion
       10745 RT 18
       Albion, PA 16475

       All counsel of record via CM/ECF